Strickland, you may begin whenever you're ready. Thank you, Your Honor. May it please the Court, I'm Barbara Strickland. I'm appearing today for Jesus Allen Flores. I'd like to mention that his parents are here in the courtroom, both parents. I'd like to take perhaps a different angle to this case and go back to the beginning with VZS. And the definition of theft presented in VZS has been accepted in many places and indicates that it applies to both permanent and temporary takings. However, it also says that it does not apply to de minimis interference with property rights. And what is, I think, causing problems in many cases is that it then goes on, VZS then goes on to say that joyriding is not included in Section 108, which it clearly is. Three cases by the California and most recently with People v. Page, which was about two years ago. And if 10851 does not include joyriding, then we have to look and see really what Mr. Flores was convicted of. Well, I'm not sure I follow your argument entirely. Corona Sanchez, an in-bank decision of this Court, adopted the VZS standard that an intent to take either temporarily or permanently established theft. And as far as I can tell, that has not been either overruled en banc by us or undermined in that regard by anything in the Supreme Court. So I'm not sure what that means for your argument, because if a temporary taking, it still requires without the consent of the owner and with the intent to deprive the owner of that property temporarily, I don't see how that helps you. Your Honor, if this is the VZS standard, VZS itself says that it doesn't include certain de minimis cases, takings, as does People v. Page. So the California Supreme Court, which, whose definition of this particular statute is binding, says very clearly that it includes both theft and non-theft offenses. And that would be my argument, Your Honor. We can argue about whether or not he's charged as a principal, and I kind of add myself to Mr. McMillan saying that there's no requirement, no case has said that that's a crucial distinction, whether he's charged. They include that language about accessories after the fact. And this case has no difference whatsoever between Vidal and Arriaga. In both cases, Mr. Flores pled to driving the vehicle, not to taking it. And there's no... He can't be guilty of the offense unless he drives it without the consent of the owner and with the intent to deprive the owner of his right to that property during the time he's driving it. That's a requirement in the statute. Yes, and the jury instructions say that that may include moving at any distance, no matter how short, or taking it for any period of time, no matter how short. And that's... In Page, which has an interesting background of providing relief for some theft offenses, the Supreme Court of California said you have to look at things like police reports or probation reports or testimony to determine whether this is a theft or a non-theft offense. Well, I mean, the irony here is, I think, didn't he plead down from an actual theft? This statute can include everything. That's a factual question. Didn't he plead down from a charge of actual theft? I don't believe so, Your Honor. Well, I may be confusing it with a different case. I have... He was charged with BC-10851A, and he was also charged with receiving stolen property, which... Well, maybe receiving... Okay, receiving the stolen motor vehicle. And the receiving stolen property was removed by plea bargain. Right. And we don't have here really much of anything else to go on. There is no preliminary hearing. There's no probation report that's incorporated. The only thing we have is the plea form and an abstract of judgment. And the plea form says very clearly that... And I want to quote it, if I can find it. Basically says... And it says somewhat artfully, I unlawfully, permanently, or temporarily deprive the rightful owner of their vehicle with the intent to deprive the owner by driving their car. Right. And if the distinction... If the only distinction... I know you don't accept that this is correct, but if the only appropriate distinction is between principle and accessory after the fact, his plea is clearly as principle and not accessory after the fact, because he said, I drove it with this intent. I really don't agree with that. You don't think that's what the plea says, or you don't agree that the only distinction is with accessory? I think this is clearly, could be construed, it's ambiguous as to whether he is an accessory after the fact, and he drove a car that somebody else took, or that he was the actual person that took the car. That's not what you read to me. That's... Why would he say anything different if he was an accessory after the fact? I drove the car. That's all he said. With the intent. I thought he had an intent in there. Well, he has an intent to deprive the owner of the car for as long as he drives it, which could be as five minutes or five days or five years. I think I'll reserve whatever time I have left. You have, I'm sorry, that it's not visible to you. You have about six and a half minutes, a little more than, and you're welcome to reserve that. Yes, thank you. Thank you.    I'm sorry, I'm not sure if I have the time. Good morning. May it please the court. Robert Tennyson for the government. Very quickly, this court in Corona-Sanchez found that the definition of theft applies to temporary and permanent takings of property with the criminal intent, well, to deprive an owner of the property or exercise control over the property with the criminal intent, again, without the consent of the owner, with the criminal intent to either permanently or temporarily deprive the owner of the property. That's Corona-Sanchez. And the Supreme Court approvingly cited that definition in Duenas-Alvarez. So that's settled law. Don't go from that. A petitioner's joy attempt to sort of distinguish joyriding under 1181A. This court has already addressed that. It addressed this back in its Duenas-Alvarez decision when it found that joyriding is a theft offense, a generic theft offense. So that, too, is binding law on this panel. Unless Mathis changes the method of analysis. And would you address that, please? Right. That would be, well, with joyriding, this court found that it's categorical, right, that if this offense is, if the offense was joyriding, right, it doesn't matter with regard to divisibility. If the offense is joyriding or it is in a violation of 1081, that's not an accessory offense. It's principal offense. That it is, that that subpart, the principal subpart, is categorically enfolded. Right. I guess what I'm asking about is the method of analyzing a statute that is discussed in Mathis and Judge Thomas's concurrence in, I guess it's Ariaga-Pinon, I think, where he takes the position that Mathis changes the way that we look at divisible and indivisible. And I would like your take on that. I, Mathis doesn't change the framework. Principally, this court in Duenas-Alvarez relied on DECAM, which itself said, you know, that you have to have, you know, that what you look at is that you look at different elements in the statute. And this court in Duenas-Alvarez, relying on DECAM, said there are different elements here and, therefore, this statute's divisible. Subsequently, when this court announced in Rendon, specifically spelled out how to determine elements from means, it went out of its way in a footnote to say, by the way, this decision, Duenas-Alvarez, is still good law. And it's good law in part because a jury has to find, can't find both offenses simultaneously, can't find the principal offense and the after-the-fact offense. Because the principal offense has to be over before you can be convicted as someone, what, as an accessory after the fact. So not only do you have Mathis, I mean, not only do you have Duenas-Alvarez, relying on DECAM, which essentially sets forth the principle. When Rendon, when this court set forth in Rendon the particular sort of test that I would say was the backbone, the framework, for the subsequent Mathis decision, it went through and highlighted Duenas-Alvarez, that specific case, and this specific statute and said, yes, it is divisible between principals and accessories after the fact. I don't think we need to move off of that because of Mathis. Going to the conviction records in this case, I would agree with Judge Graber. That language that, you know, that Petitioner's counsel cited specifically says that he was, you know, that he committed the offense by driving the car. That indicates quite clearly and unambiguously that he is a principal here. We don't need to go any further. It highlights particularly what offense he was convicted of. He was convicted of a principle under 10851A. If the Court has no further questions for me, I'll get them back. So what you're essentially saying is that after Mathis, we still have to look to the underlying record of conviction, and when we do that, he's a principal? That is correct. And the underlying record of conviction here shows that he was convicted as a principal. If the Court has no further questions. I don't believe that we do. Thank you very much, Mr. Tennyson. Ms. Strickland, do you have rebuttal? Yes. First of all, in Arriaga-Piñon, this Court analyzes both Vidal and Arriaga, the — this Court's doing, and interestingly enough, indicates that the felony complaint in Arriaga's case described him as unlawfully driving and taking, which is precisely the same as in Vidal, and the written plea and waiver of rights agreement says he pled guilty only to driving the vehicle, which is exactly what we have here. So I don't understand how we can reach a different result here. It says it's ambiguous as to whether Arriaga was pleading no law to or, as in the plea, excuse me, or and as — but it cannot show, and this is where Arriaga-Piñon actually uses the term, it doesn't distinguish whether he's convicted as a principal or accessory after the fact. And in this particular case, I think it actually does establish that he was convicted as an accessory after the fact, because he only pled to driving. But I think I'll submit on that, Your Honor. Thank you. Thank you, counsel. The case just argued is submitted. We appreciate both arguments, and we are adjourned for this morning's session. All rise.
judges: Schroeder, Graber, Watson